United States District Court
Southern District of Texas
**ENTERED**
January 30, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESTATE OF DOROTHY RUTH CHOLICK, et al., Plaintiffs, | § § § § | |
| v. | § § | Case No. 1:17-cv-183 |
| VICKY LUCAS, et al., Defendants. | § § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' "Original Petition," filed by Sylvia Cholick on September 5, 2017. Dkt. No. 1. Cholick alleges that numerous defendants violated her rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments. *Id.* at 2–3. She refers to "Defendants' conspiracy to falsify police, sheriff, and medical records for the purpose of creating a fraudulent Guardianship of Pl. Cholick, maliciously sadistically a ward of the State of Texas . . . denying [her] of any and all state and federal civil rights—forever[.]" *Id.* at 1.

Cholick's petition appears to be a continuation of a previous suit, which was dismissed by United States District Judge Rolando Olvera due to Cholick's failure to serve the defendants with process. *Estate of Dorothy Ruth Cholick, et al. v. Lucas, et al.*, No. 1:16-CV-00281, Dkt. No. 64. Cholick was notified repeatedly throughout her prior action that she had not stated claims upon which relief could be granted, and that she had to serve the defendants with process in order to pursue her lawsuit. *Id.* at Dkt. Nos. 6, 17, 33, 41. The action was dismissed due to her failure to do so. *Id.* at Dkt. No. 64.

Similarly, in this case, the Court notified Cholick that she had again failed to state claims upon which relief could be granted, and ordered her to submit an amended complaint no later than November 27, 2017.  Dkt. No. 6.  The Court also noted that Cholick had not paid the filing fee associated with her action, or submitted an application to proceed with her case in forma pauperis, and ordered her to pursue one of the two options by November 27, 2017.  *Id.*  The Clerk of the Court was ordered to attach an in forma pauperis application to the Court's order for Cholick's review.  *Id.*  Finally, the Court noted that Defendants had not yet been served with process.  *Id.*  Due to the dismissal of Cholick's prior lawsuit for this reason, the Court ordered Cholick to serve Defendants no later than January 26, 2018.  *Id.*  The Court specified that failure to comply with its order could subject Cholick's claims to dismissal.  *Id.*

Cholick received the Court's order on November 2, 2017.  Dkt. No. 8.  However, she has not complied with any part of the Court's order as of January 30, 2018.  She has not filed an amended complaint, paid the filing fee or submitted an application to proceed in forma pauperis, or served Defendants with process.  Cholick has not submitted anything to the Court since her original complaint, and has not prosecuted her claims in any way, despite the Court's express notice that her failure to comply with the Court's order could subject her claims to dismissal once again.  Dkt. No. 6.  Further, because Cholick chose not to file an amended complaint, her 90-day window to serve Defendants with process expired on December 4, 2017.  FED. R. CIV. P. 4(m).

As discussed above, Cholick's claims have previously been dismissed for failure to comply with court orders.  Given the Court's prior warnings in this case and in Cholick's earlier filing, it is recommended that Plaintiffs' case be **DISMISSED** for failure to

prosecute or comply with the orders of the Court. *See* Fed. R. Civ. P. 41(b); *Rossmann v. Pompeo*, No. 3:17-CV-2975-L-BH, 2017 WL 6559152 (N.D. Tex. Nov. 20, 2017), *adopted by*, 2017 WL 6558159 (N.D. Tex. Dec. 22, 2017) (recommending dismissal for failure to prosecute after plaintiff failed to submit application in forma pauperis in compliance with a court order); *Raker v. City of Corpus Christi Police Dept.*, No. C-08-22, 2008 WL 3317006, at *2 (S.D. Tex. Aug. 7, 2008) (dismissing a plaintiff's action for failure to prosecute after plaintiff failed to submit an amended complaint in compliance with a court order).

### Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 30th day of January, 2018.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**