UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESTATE OF DOROTHY RUTH CHOLICK, *et al.*, Plaintiffs, | § § § § | |
| v. | § | Civil Action No. 1:17-cv-00183 |
| VICKY LUCAS, *et al.*, Defendants. | § § § § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is "Magistrate Judge's Report and Recommendation" (Docket No. 9) (hereafter "R&R"), in the above-captioned civil case. The "R&R" (Docket No. 48) recommends that Sylvia Cholick's (hereafter "Plaintiff Cholick"), pro se, and as representative of the Estate of Dorothy Ruth Cholick, and L.A.P. Truly Human Society (collectively, hereafter "Plaintiffs"), "Plaintiff's [sic] Original Petition" (Docket No. 1) (hereafter "Plaintiffs' Complaint") be dismissed pursuant to Fed. R. Civ. P. 41(b) "for failure to prosecute or comply with the orders of the Court."[1] Docket No. 9 at 2-3.

In response, Plaintiff Cholick timely filed "Plaintiff Sylvia Cholick's Objections to Report and Recommendation" (Docket No. 11), alleging that she has retained counsel to represent her in related state matters against Defendants in this cause of action[2], that said counsel has yet to review the "R&R" (Docket No. 48), and that said counsel needs additional time to file additional objections to the "R&R." *See* Docket No. 11 at 1-2. Plaintiff further argues that her disability, age, and continuous efforts in state court to prevent the loss of her home, as reasons for being unable to prosecute the above-styled case. *See id.* at 3.

Under Rule 41(b) of the Federal Rules of Civil Procedure, courts may dismiss an action *sua sponte* when a plaintiff fails to prosecute or obey a court order. FED. R. CIV. P. 41(b);

---

[1] On November 3, 2016, Plaintiffs filed a civil action—*Estate of Dorothy Ruth Cholick, et al. v. Vicky Lucas, et al.*, No. 1:16-cv-00281—in this Court. In said civil action, this Court ordered Plaintiff to file an amended complaint and granted Plaintiffs extensions to cure pleading defects and/or extensions to serve Defendants with process. *See* No. 1:16-cv-00281, Docket Nos. 6, 17, 33, 41, 57. On July 28, 2017, this Court entered an "Order" (Docket No. 64) dismissing said cause of action because Plaintiffs failed to serve Defendants with process pursuant to Fed. R. Civ. P. 4(m), in violation of the Court's previous "Order" (Docket 57).

[2] The Court notes no attorney has entered an appearance on record.

1

*Cherry v. Kroger Texas, L.P.*, 693 Fed. Appx. 345 (5th Cir. 2017). "'[P]ro se litigants are [] expected to brief the issues and reasonably comply with the requirements' of the Federal Rules of Civil Procedure" despite having less stringent standards than litigants that are represented by attorneys. *See Montoute v. Senior Psychcare/Medipsych*, No. 4:17-CV-01369, 2018 U.S. Dist. LEXIS 17873, 2018 WL 826868 at *1 (S.D. Tex. Feb. 2, 2018) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). A dismissal with prejudice is justified only if (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Cherry*, 693 Fed. Appx. at 346. (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Plaintiff Cholick is required to abide by the Federal Rules of Civil Procedure and any orders issued by the Court regardless of her *pro se* status. Again, Plaintiffs have failed to serve Defendants with process within 90 days, as prescribed under Federal Rule of Civil Procedure 4(m). Furthermore, Plaintiffs have failed to comply with Court orders in this case, similar in scope to prior orders by this Court in dismissing Plaintiffs' previous cause of action. The Plaintiffs' prior cause of action was dismissed without prejudice. *See* No. 1:16-cv-00281, Docket No. 64 at 1. Thus, the Court would be justified in dismissing the above-styled case with prejudice; however, out of an abundance of caution, and given Plaintiff Cholick's homelessness and alleged retention of counsel to assist her with state court matters against Defendants, the Court will dismiss the above-styled case without prejudice.

Thus, after a *de novo* review of the file, the "Magistrate Judge's Report and Recommendation" (Docket No. 11) is **ADOPTED**. It is therefore **ORDERED** that "Plaintiff's [sic] Original Petition" (Docket No. 1) is hereby **DISMISSED** without prejudice. Plaintiff Sylvia Cholick is **NOTIFIED** that if she wishes to refile in representation of herself and the other *pro se* Plaintiffs, she must do so with representation of counsel. Furthermore, Plaintiffs are **NOTIFIED** that refiling under *pro se* status will warrant Dismissal with Prejudice, *sua sponte*, for any noncompliance to a court order or the Federal Rules of Civil Procedure.

The Clerk is hereby **ORDERED** to send this "Order" via regular mail. In addition, the Clerk is **ORDERED** to include a self-addressed, stamped envelope containing a copy of this Order. Plaintiff Cholick is **ORDERED** to acknowledge receipt by executing her signature to

both pages of the Order and return said Order to the Court via the self-addressed, stamped envelope.

Signed on this 10th day of March, 2018.

_____
Rolando Olvera
United States District Judge